CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 24 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVA MARCHELLE HAIRSTON,<br>    Petitioner, | Civil Action No. 7:13-cv-00471 |
| v. | **MEMORANDUM OPINION** |
| BRUNSWICK WOMEN'S RECEPTION<br>AND PRE-RELEASE CENTER,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner Steva Marchelle Hairston, a Virginia inmate proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her 2011 and 2012 convictions in the Pittsylvania County Circuit Court. The court finds that Hairston has not fully exhausted her state court remedies before filing this federal habeas petition and, therefore, dismisses her petition without prejudice.

I.

On November 30, 2011, the Pittsylvania County Circuit Court convicted Hairston of third offense larceny, in violation of Va. Code § 18.2-104, and sentenced her to 5 years incarceration, with 3 years and 3 months suspended. On December 3, 2012, the court revoked Hairston's probation on the larceny conviction and sentenced her to serve 6 months of active time. Hairston has not yet pursued her criminal appeal or filed any petition for writ of habeas corpus in any state court. Hairston filed her federal habeas petition on September 20, 2013 in the United States District Court for the Eastern District of Virginia and that court transferred the case to this court on October 11, 2013.

II.

A federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez,

411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. <u>Slayton v. Smith</u>, 404 U.S. 53 (1971). In Virginia, a non-death row felon ultimately must present her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court may consider her claims. <u>See</u> Va. Code § 8.01-654. In this case, it is clear that Hairston has yet to pursue her habeas claims in the Supreme Court of Virginia. Accordingly, the court finds that Hairston has not fully exhausted her state court remedies before filing her federal habeas petition.

### III.

Based on the foregoing, the court dismisses Hairston's habeas petition without prejudice as unexhausted.

ENTER: This 24th day of October, 2013.

_____
United States District Judge